THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALVITA GUNN,

    Plaintiff,

    v.                                                      Civil Action No.: RDB-09-896

J.P. MORGAN CHASE BANK, N.A.

    and

FRIEDMAN & MACFADYEN, P.A.

    Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Alvita Gunn ("Gunn"), proceeding *pro se*, has filed the present lawsuit against Substitute Defendant Chase Home Finance, LLC[1] ("Chase") and Friedman & MacFadyen, P.A., alleging several causes of action relating to a mortgage loan. Currently pending before this Court are the Defendants' motions to dismiss. All submitted briefs have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2008). For the reasons stated below, Chase's Motion to Dismiss (Paper No. 9) and Defendant Friedman & MacFadyen, P.A.'s Motion to Dismiss (Paper No. 13) are both GRANTED.

## BACKGROUND

On May 9, 2006, Gunn purchased a residence at 1500 Bear Claw Court in Hanover, Maryland (the "Property") for $689,000. Gunn entered into two Deeds of Trust, both dated May 9, 2006, to finance the purchase of the Property. Chase is the servicer of a mortgage loan under

---

[1] Plaintiff named "JP Morgan Chase Bank" as a defendant in her Complaint. On May 19, 2009, this Court granted Defendant J.P. Morgan Chase Bank N.A.'s motion to substitute its affiliate, Chase Home Finance, LLC, as a defendant and to dismiss J.P. Morgan Chase Bank, N.A. as a defendant.

which Gunn is the debtor, and the note is owned by MASTR Asset Backed Securities Trust UBS 2006-WMC3 (the "Owner").  U.S. Bank National Association is the Trustee of the Owner.  Gunn stopped making required payments on the note in November of 2007.  On March 19, 2008, Friedman & MacFayden was appointed successor trustee under the Deed of Appointment, and the firm initiated foreclosure proceedings against the Property on April 2, 2008, in the Circuit Court of Maryland for Anne Arundel County (the "Foreclosure Action").  The Property was sold at auction on March 16, 2009.

Gunn filed the present lawsuit against Defendants in the Circuit Court for Anne Arundel County, and on April 9, 2009 the action was removed to this Court under 28 U.S.C. § 1332.  Defendants Chase and Friedman & MacFayden filed their separate motions to dismiss on April 15, 2009, and May 5, 2009, respectively.

## STANDARD OF REVIEW

Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  *See* Fed. R. Civ. P. 8(a).  Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted, *see* Fed. R. Civ. P. 12(b)(6), and therefore a Rule 12(b)(6) motion tests the legal sufficiency of a complaint.

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action" in order to survive a motion to dismiss.  *Id.* at 555.  Well-pleaded factual allegations contained in the complaint are assumed to be true "even if [they are] doubtful in fact," but legal conclusions are not entitled to judicial

deference.  *See id.* (stating that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'" (citations omitted)).

To survive a Rule 12(b)(6) motion, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level."  *Id.*  On a spectrum, the Supreme Court has recently explained that the plausibility standard requires that the pleader show more than a sheer possibility of success, although it does not impose a "probability requirement."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  At bottom, the court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief.  *Id.*

## ANALYSIS

In her Complaint, Plaintiff Gunn asserts the following six causes of action: (1) fraud; (2) undue influence; (3) breach of fiduciary duty; (4) quiet title; (5) declaratory relief; and (6) injunctive relief.  Gunn's lawsuit must be dismissed in its entirety because she has not set forth any particularized facts sufficient to state a claim under Federal Rule of Civil Procedure 8(a).  For instance, to recover for a claim of fraud or intentional misrepresentation under Maryland law, a plaintiff must show: "(1) that the defendant made a false representation to the plaintiff, (2) that its falsity was either known to the defendant or that the representation was made with reckless indifference as to its truth, (3) that the misrepresentation was made for the purpose of defrauding the plaintiff, (4) that the plaintiff relied on the misrepresentation and had the right to rely on it, and (5) that the plaintiff suffered compensable injury resulting from the misrepresentation."  *Nails v. S&R, Inc.*, 334 Md. 398, 415 (1994).  In her Complaint, Gunn has

not pled with specificity any facts that would support any of the requisite elements for her claim of fraud.  Indeed, she has not even identified any specific representations made by the Defendants that were allegedly false.  This shortcoming in her pleadings serves to undermine each of her asserted causes of action.

As noted above, the Supreme Court has recently explained that a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555.  The only particularized and non-conclusory facts in Gunn's Complaint are the names of the Defendants and the location of the property at issue.  Accordingly, Gunn's Complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), as she has not stated a "claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.

## CONCLUSION

For the foregoing reasons, Chase Home Finance, LLC's Motion to Dismiss (Paper No. 9) and Defendant Friedman & MacFadyen, P.A.'s Motion to Dismiss (Paper No. 13) are both GRANTED and Plaintiff's Complaint is dismissed with prejudice.  A separate Order follows.

Dated: September 29, 2009                    /s/_____
                                             Richard D. Bennett
                                             United States District Judge